NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-860

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 527087

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appellant was convicted, after a guilty plea, of three counts of indecent assault and battery on a child under age fourteen, see G. L. c. 265, § 13B, and one count of providing obscene material to a minor, see G. L. c. 272, § 28. In 2019, the Sex Offender Registry Board (SORB) notified the appellant, pursuant to G. L. c. 6, § 178L (1) (a), that it had preliminarily designated him as a level three sex offender.  A hearing examiner issued a decision finding that Doe currently poses a high risk of reoffending and high level of dangerousness and was required to register as a level three sex offender.  Doe sought judicial review, and a Superior Court judge affirmed his level three classification.  Doe then appealed.

During the pendency of the appeal, however, SORB accepted and declined to appeal Superior Court Judge Wilkins's injunction, preventing SORB from utilizing factor 2, Doe, Sex Offender Registry Bd. No. 22188 vs. Sex Offender Registry Bd., Mass. Super. Ct., No. 20-1130-B (Middlesex County April 16, 2021), concerning repetitive and compulsive behavior, in certain circumstances.

Because that decision was relevant to Doe's classification, by agreement of the parties, the appeal was dismissed, Doe's classification was vacated, and he received a new hearing at which factor 2 was not considered. The same hearing examiner conducted the second hearing, finding by clear and convincing evidence that Doe currently poses a moderate risk of reoffending and moderate level of dangerousness, and that he was, therefore, required to register as a level two sex offender. Doe brought a complaint for judicial review pursuant to G. L. c. 6, § 178M, and G. L. c. 30A, § 14. A judge of the Superior Court affirmed Doe's level two classification, and he has now appealed.

Discussion. The facts of the plaintiff's underlying crimes and of the findings and analysis of the hearing examiner are well known to the parties and will be repeated here only as necessary.

2

1.  Factors 10, 11, and 15.  Doe argues first that the hearing examiner committed an abuse of discretion in his treatment of regulatory factor 11, related to violence unrelated to sexual assaults, and regulatory factor 15, related to hostility against women.  He argues that the hearing examiner failed to provide any meaningful explanation why he assigned minimal weight to factor 10, Contact with Criminal Justice System, 803 Code Mass. Regs. § 1.33(10) (2016), while giving full weight to factor 11, Violence Unrelated to Sexual Assaults, 803 Code Mass. Regs. § 1.33(11) (2016), and applying factor 15, Hostility Towards Women, 803 Code Mass. Regs. § 1.33(15) (2016). Doe notes that these factors all focus on the exact same behavior, Doe's history of non-sexual criminal conduct.[1]

In this case, the hearing examiner assigned only minimal weight to factor 10, concluding, after examining Doe's nominal criminal record beyond his index offenses, that he "[did] not

---

[1] The plaintiff asserts that an offender's criminal history lacks predictive value.  He cites Hanson & Bussière, Predicting Relapse:  A Meta-Analysis of Sexual Offender Recidivism Studies, 66 J. of Consulting & Clinical Psychol. 348, 348-362 (1998).  In response, SORB states that, in promulgating the regulatory factors, SORB considered both the article cited by the plaintiff and several subsequent articles that apparently contradict it. A determination that criminal history is irrelevant to risk of recidivism would amount to a facial challenge, at least to factor 10, Contact with Criminal Justice System.  Doe has not made any such challenge here, and we express no opinion on the question.

find evidence of a persistent disregard for rules, laws, and the violation of the rights of others."

Contrary to the plaintiff's argument, the judge's assignment of full weight to factor 11 is neither inexplicable nor nonsensical, even given the minimal weight given to factor 10. That is because, although his criminal record was minimal, the acts that led to his contact with the criminal justice system, aside from the index offenses, were violent. Factor 11 asks whether the plaintiff "has previously demonstrated that he can act violently and with no regard to the safety of others." 803 Code Mass. Regs. § 1.33(11)(a) (2016).

In 2014, he punched an eight and one-half months pregnant woman in the stomach. After this altercation, he slashed the woman's husband's car tires and stabbed one of the car doors multiple times. When police arrived, they saw him shirtless and in the middle of the street yelling and ranting and holding a closed folding knife.

In 2017, another woman, Doe's girlfriend, told police that the plaintiff had become enraged and, in the presence of their children, slapped her face with an open hand and smashed her cell phone.

Likewise, these events involving the pregnant woman and Doe's girlfriend supported application by the hearing examiner

4

of factor 15, Hostility Towards Women.  See 803 Code Mass. Regs. § 1.33(15)(a) (2016).

Notwithstanding the limited nature of his criminal history, there was substantial evidence to support the hearing examiner's treatment of factors 11 and 15, and we see no error in the manner they were applied.

2.  Factor 37.  Doe next contends that factor 37, Other Information Related to the Nature of Sexual Behavior, 803 Code Mass. Regs. § 1.33(37) (2016), should not be applied, because Doe's behavior with the sister of his prepubescent victim did not constitute an actual act of sexual misconduct.  The hearing officer "considered," however, Doe's attempts to force his hand into the sister's pants when evaluating Doe's dangerousness and risk of reoffense, because the allegations were substantially reliable, and Doe might have committed another act had she not removed herself from the situation out of fear.

The hearing examiner is entitled to draw reasonable inferences from the evidence, 803 Code Mass. Regs. § 1.19(1)(h) (2016), and that Doe was attempting a sexual assault is a very reasonable inference to draw from his attempt, around the time he was abusing a prepubescent girl, to put his hands down her then seven year old sister's pants.

5

3.  Application of the factors.  Doe next argues that the hearing examiner's decision is inadequate, reflecting a mechanical application or a checklist approach, rather than reasoned analysis for the level 2 classification.  See Doe, Sex Offender Registry Bd. No. 11204 v. Sex Offender Registry Bd., 97 Mass. App. Ct. 564, 575-576 (2020) (requiring hearing examiners to engage in reasoned analysis, rather than "perfunctory effort[s] based on a tally sheet of aggravating and mitigating factors").  See also 803 Code Mass. Regs. § 1.33 (2016) ("The final classification level is not based on a cumulative analysis of the applicable factors, but rather a qualitative analysis of the individual sex offender's history and personal circumstances").

Although the hearing examiner does state that his conclusion that Doe presents both a moderate risk to reoffend and a moderate degree of dangerousness is based on consideration of the factors, the hearing examiner's discussions of the facts relevant to the factors considered demonstrate a qualitative analysis of Doe's history and personal circumstances.  See 803 Code Mass. Regs. § 1.33 (2016).

4.  Internet publication.  Finally, Doe argues that the hearing examiner failed to make explicit factual findings regarding the likely efficacy of publishing Doe's registration

6

information on the Internet. See Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 654 (2019) (Doe, No. 496501) (prohibiting SORB from classifying offender as level two unless "a public safety interest is served by public availability of [their] registration information" [citation omitted]).

The hearing examiner's analysis of the public safety interest served by Internet publication was adequate. He noted that when the petitioner was twenty-two years old, he began sexually assaulting his prepubescent female cousin -- actually, the child of his first cousin -- who was then ten years old. This involved serious sexual conduct as described by the hearing examiner. Doe also showed the victim a pornographic video recording and sent inappropriate photos to her. His acts were committed despite the fact that the victim's grandmother and, in one instance, Doe's girlfriend, were in the same residence. The hearing examiner noted that Doe's probation had not yet started and that Doe was participating in sex offender treatment -- although no one suggests that he had completed it.

Because any reoffence would likely be against a vulnerable girl, the hearing examiner concluded that it is in the interest of public safety that anyone who is the caretaker of young girls

7

and may become acquainted with Doe be able to obtain the information that he is a registered sex offender.

This complies with the requirement of Doe, No. 496501, 482 Mass. at 654 (hearing examiners must determine "whether, in light of the particular risks posed by the particular offender, Internet access to that offender's information might realistically serve to protect the public against the risk of the offender's sexual reoffense").

The hearing examiner's conclusions that, by clear and convincing evidence, Doe posed a moderate risk of reoffence, a moderate degree of dangerousness, and that a public safety interest was served by public Internet access to Doe's registry information was not arbitrary and capricious, unsupported by substantial evidence, an abuse of discretion, or otherwise not in accordance with law.  See G. L. c. 30A, § 14 (7).

Judgment affirmed.

By the Court (Rubin, D'Angelo
& Smyth, JJ.[2]),

Clerk

Entered:  May 23, 2025.

---

[2] The panelists are listed in order of seniority.

8